UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Shenzhen Shi Lishengxin Dianzi Shangwu Youxian Gongsi d/b/a Laixiaoshengus <br><br> Plaintiff, <br><br> v. <br><br> Noah Foster, <br><br> Defendant. | Case No. _____ |

### VERIFIED COMPLAINT

Plaintiff, Shenzhen Shi Lishengxin Dianzi Shangwu Youxian Gongsi d/b/a Laixiaoshengus (hereinafter "Lishengxin" or "Plaintiff"), by and through its undersigned attorney, hereby files this Complaint against Defendant Noah Foster (hereinafter "Defendant"), and alleges as follows:

### I.    THE PARTIES

1. Plaintiff is a company organized under the laws of the P.R. China, operating an online store under the name Laixiaoshengus and Seller ID:A1394FGBO30G06 on the Amazon online platform. Since August 29, 2019, Plaintiff has been selling the snowflake shaped multi-tool under ASIN Nos. B07WXG5L7N, B09V82YVLG, B09VBPL8K1 and B07WXG5L7N to consumers in the United States, including those in the State of Illinois (Exhibit 1. Direct Sales to Consumers in the State of Illinois).

2. Defendant is an individual residing at 12500 11TH AVE. NW, SEATTLE, WA 98177. Defendant use the image similar to Plaintiff's snowflake shaped multi-tool to obtain U.S. Trademark Registration No. 6,949,974 ("the '974 Registration" see Exhibit 2), with an alleged

1

date of first used in commerce on March 31, 2022, more than 31 (Thirty One) months after Plaintiff's first sale of Plaintiff's snowflake multi-tool.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction over the controversy which arose out of Defendant's filings of fraudulent trademark infringement complaint, Complaint No. 18828730061, against Plaintiff with allegations that Plaintiff's sale of the snowflake multi-tool on ASIN Nos. B07WXG5L7N, B09V82YVLG, B09VBPL8K1 infringed the '974 Registration (Exhibit 3). Amazon subsequent lockdown of Plaintiff's ASINs Nos., causing substantial damages. This Court has subject matter jurisdiction over the present controversy under the Trademark Laws of the United States, 15 U.S.C. §§ 1 *et seq*., as well as pursuant to 28 U.S.C. § 2201 (the Declaratory Judgment Act).

4. This Court also has subject matter jurisdiction over the controversy under 28 U.S.C. § 1332 as there exist diversity of citizenship between the parties and as the claims for damages exceed $75,000.

5. This Court has supplemental jurisdiction over the State Law claims pursuant to the provisions of 28 U.S.C. §1367.

6. This Court has personal jurisdiction over Defendant because Defendant stopped the sales of Plaintiff's snowflake multi-tool to consumers in the State of Illinois.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1391 because a substantial part of the events occurred in the State of Illinois, which gave rise to the claim in the present action.

### III. STATEMENT OF FACTS

8. Plaintiff is a business engaged in developing, sourcing, marketing, and selling tools and hardware products, including screwdriver sets, multi-tools and related hand tools, through ecommerce channels directed to U.S. consumers.

9. In the ordinary course of its business, Petitioner offers screwdriver sets and compact multitools that incorporates commonly used geometric and "snowflake"-style configurations for functional tool heads and product designs. Specifically, Plaintiff markets and sells a DESUCCUS-branded snowflake multi-tool kit throughout the United States, including the State of Illinois, starting from August 29, 2019.

10. On April 18, 2022, more than 31 months after Plaintiff started selling the snowflake shaped multi-tool, Defendant filed the Trademark Application Serial No. 97/367,548 ("the '548 Application") on the snowflake shaped design, covering International Class 8: "Manually operated shop tools for work on motorcycles, namely, chain breaker tool, chain riveting tool, chain press tool, chain alignment tool, carburetor tuning tool, carburetor tuning gauge set, tire irons, tappet adjustment tools, valve shim tools, tappet feeler gauge, carburetor jet wrenches, clutch holding tool, piston pin removing tool, spring removing tool, timing cover wrench, oil filter wrench, shock absorber wrench, axle wrench, fly wheel puller tool, clutch puller tool and magneto flywheel puller tool; Oil filter wrenches; Screwdrivers, non-electric; Hand tools, namely, screwdrivers."

11. The Trademark Office issued the '974 Registration on the Principal Register under on January 10, 2023 for the snowflake design in Class 008.

12. In the underlying application, Registrant described its Mark as a "design of a stylized snowflake with eight spokes of different shapes" and claimed first use and first use in

3

commerce on March 31, 2022. 9. Registrant filed the application on a Section 1(a) "use in commerce" basis and submitted, as a specimen of use, a screenshot referencing the following URL:https://largesupermarket.store/product/546547/Screwdriver%2C+Precision+Screwdriver+Kit%2C+Magnetic+Driver+Kit+with+Flexible+Shaft%2C+Extension+Rod+for+Mobile+Phone%2C+Smartphone%2C+Game+Console%2C+Tablet%2C+PC/

13. The Plaintiff's snowflake shaped multi-tool is directly compared with Defendant's alleged use of the snowflake image in the table below.

| Plaintiff's snowflake Shaped Multi-tool | Defendant's Use of the Snowflake Image | Defendant's '974 Registration |
|---|---|---|
| | | |
| Date of First Sale: August 29, 2019 | Date of First Use: March 31, 2022 | Date of Filing: April 18, 2022 |

14. Plaintiff's use of the snowflake shaped logo predates that of the Defendant and cannot infringe Defendant's snowflake logo.

15. Moreover, "Snowflake"-shaped tools are commonly understood by consumers as compact multi-tools integrating multiple screwdriver bits, hex drivers, and wrench openings into a single, radially symmetric metal body, allowing the user to apply torque and engage different fasteners from multiple angles.

16. As depicted in the '974 Registration, the ❄ Mark portrays a snowflake shape with multiple arms and cut-outs that, when embodied in a snowflake multi-tool, serve as

4

functional tool surfaces (e.g., screwdriver tips and wrench openings), distributing forces when torque is applied and permitting the user to grip and operate the tool efficiently.

17. The Federal Circuit Court has reaffirmed the Functionality Doctrine[1] in *Valu Engineering, Inc., v. Rexnord Corporation*, 278 F.3d 1268 (Fed. Cir. 2002) that "a mark is not registrable if the design described is functional, because 'patent law, not trade dress law, is the principal means for providing exclusive rights in useful product features.'" (citing *Elmer v. ICC Fabricating*, 67 F.3d 1571, 1580, 36 USPQ2d 1417, 1423 (Fed. Cir. 1995). Also see *Kellogg Co. v. National Biscuit Co.*, 305 U.S. 111, 119-120, 59 S. Ct. 109, 83 L. Ed. 73 (1938), and *Morton-Norwich*, 671 F.2d at 1336-37, 213 USPQ at 11-12.

18. Moreover, Defendant filed the '548 Application on a Section 1(a) "use in commerce" basis and declared, under penalty of perjury, that the ❄ Mark was in bona fide use in United States commerce in connection with all of the goods identified in the application as of March 31, 2022. Defendant further represented that the submitted specimens accurately reflected such use.

19. Defendant further submitted, among other things, specimen PDFs consisting of photographs, purported purchase orders, and a URL to an online listing for goods bearing the ❄ Mark on their packaging.

---

[1] The functionality doctrine prevents trademark law, which seeks to promote competition by protecting a firm's reputation, from instead inhibiting legitimate competition by allowing a producer to control a useful product feature. It is the province of patent law, not trademark law, to encourage invention by granting inventors a monopoly over new product designs or functions for a limited time, 35 U.S.C. §§ 154,173, after which competitors are free to use the innovation. If a product's functional features could be used as trademarks, however, a monopoly over such features could be obtained without regard to whether they qualify as patents and could be extended forever (because trademarks may be renewed in perpetuity). *Qualitex Co. v. Jacobson Prods. Co.*, 514 U.S. 159, 165, 115 S. Ct. 1300, 131 L. Ed. 2d 248 (1995).

20. The purported sales orders are highly suspicious and, on information and belief, do not reflect genuine sales to U.S. consumers in the ordinary course of trade. Defendant's specimens contain "order management" screenshots generated from a back-end tool labeled "ZINIAO BRAND HELPER" associated with the "Large Supermarket" site.

21. However, the URL referenced on the last page of the PDF, as well as the "Large Supermarket" site itself, is inaccessible and does not resolve to any active webpage. On information and belief, this URL1 provided by the registrant as a proof of use did not, and at the relevant times did not, reflect a genuine, operational e-commerce website through which Defendant actually offered screwdriver kits or any other goods bearing the ❄ Mark to U.S. customers in the ordinary course of trade, but instead appears to have been created, if at all, solely to generate a screenshot for the purpose of obtaining a trademark registration.

22. Defendant nevertheless signed the application and accompanying declaration, intending the PTO to rely on these false statements about use in commerce and the authenticity of the specimens to approve and issue the '974 Registration. The PTO did in fact rely on Defendant's representations in approving the application for publication and issuing the Registration. 34. Defendant's false statements were material to the PTO's decision to grant the '974 Registration and constitute fraud on the PTO.

23. On November 17, 1025, Defendant filed complaint No. 18828730061 to Amazon against Plaintiff with a frivolous allegation of that functional snowflake shaped multi-tool infringed the '974 Registration, resulting in Plaintiff's Amazon stores being frozen (see Exhibit 3).

24. The Plaintiff's ASINs were taken offline by Amazon.com at the behest of Defendant, with substantial damages to Plaintiff in lost sales and for payment of storage fees for frozen inventory in Amazon warehouses.

25. Plaintiff seeks a declaratory judgment that it has not infringed the '974 Registration, and has no liability due to its use of the snowflake shaped multi-tool.

26. Defendant has tortiously interfered with Plaintiff's business relationship with Amazon.com.

27. Plaintiff has a contract with Amazon.com to do business on Amazon.com through Plaintiff's seller store.

28. Defendant knew that Plaintiff has been doing business on Amazon.com through its e-commerce store under the standard contractual agreement with Amazon.com. Defendant has its own seller store and entered into the same or similar agreement with Amazon.com.

29. Defendant intentionally interfered with the Plaintiff's relationship with Amazon.com and expectancy of selling on Amazon.com by filing trademark infringement complaint through Amazon's intellectual property department. The complaint led to Amazon freezing Plaintiff's ASINs for snowflake shaped multi-tool thereby preventing Plaintiff from selling. Defendant intentionally harmed Plaintiff, costing Plaintiff significant sums of money.

30. Defendant used improper means to interfere with Plaintiff's contract and relationship with Amazon.com. Defendant knew it had no trademark rights to the logo ❄. Yet, Defendant wrongfully accused Plaintiff's snowflake shaped multi-tool of infringing the ❄ Mark.

31. Defendant has damaged Plaintiff, whose contractual relationship and business expectancy with Amazon.com has been disrupted. Defendant has lost substantial amount money and was, and is currently being, irreparably harmed by Defendant's intentional acts.

## COUNT I
## DECLARATORY JUDGMENT THAT THE '974 REGISTRATION IS INVALID

32. Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

33. The '974 Registration is invalid for being functional.

34. The '974 Registration is invalid for Defendant's fraud against the Trademark Office.

35. The '974 Registration is invalid for Defendant's non-use of the ❄ Mark.

36. Plaintiff's snowflake shaped multi-tool cannot infringe an invalid ❄ Mark.

## COUNT II
## DECLARATORY JUDGMENT THAT THE '974 REGISTRATION IS NOT INFRINGED

37. Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

38. Plaintiff's use of the snowflake shaped multi-tool predates the filing date of the '974 Registration and also predate the alleged first date of use of the ❄ Mark by Defendant.

39. In a priority contest, Defendant's use of the ❄ logo would have infringed Plaintiff's common law trademark right on the ❄ logo.

## COUNT III
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONSHIPS

40. Plaintiff hereby re-alleges and incorporates by reference each of the allegations set forth in the foregoing paragraphs.

41. Plaintiff has a contract with Amazon.com to do business on Amazon.com through Plaintiff's seller store.

42. Defendant knew that Plaintiff has been doing business on Amazon.com through its e-commerce store under the standard contractual agreement with Amazon.com.

43. Defendant intentionally interfered with the Plaintiff's relationship with Amazon.com and expectancy of selling on Amazon.com by filing multiple trademark infringement complaints through Amazon's intellectual property department. These complaints led to Amazon freezing Plaintiff's ASINs thereby preventing Plaintiff from selling its snowflake shaped multi-tool. Defendant intentionally harmed Plaintiff, costing Plaintiff significant sums of money.

44. Defendant used improper means to interfere with Plaintiff's contract and relationship with Amazon.com. Defendant knew it had no trademark rights to the logo ❄. Yet, Defendant accused Plaintiff's snowflake shaped multi-tool of trademark infringement.

51. Defendant has damaged Plaintiff, whose contractual relationship and business expectancy with Amazon.com has been disrupted. Defendant has lost substantial amount of money and was, and is currently being, irreparably harmed by Defendant's intentional acts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1) That the ❄ logo in the '974 Registration is invalid as being function and cannot serve as a trademark.

2) That the '974 Registration is invalid for Defendant's fraud.

3) That the '974 Registration is invalid for Defendant's non-use of the ❄ logo in commerce.

4) Plaintiff does not infringe the '974 Registration because Plaintiff's use of the snowflake shaped multi-tool predates the application date of the '974 Registration.

5) That Defendant, its affiliates, officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be temporarily preliminarily, and permanently enjoined and restrained from using the '974 Registration to assert infringement claims against Plaintiff;

6) That Defendant be ordered to instruct Amazon.com to unfreeze and reinstate Plaintiff's e-commerce stores and its locked ASINs.

7) That Defendant be restrained from filing trademark infringement allegations against Plaintiff with Amazon.com during the pendency of this action.

8) That defendant tortiously interfered with the business relationship between Plaintiff and Amazon.com.

9) That Plaintiff be compensated for its damages from Defendant's tortious interference.

10) That Plaintiff be awarded its reasonable attorneys' fees and costs; and

11) Award any and all other relief that this Court deems just and proper.

Date: November 24, 2025

Respectfully submitted,

/s/ lance liu
Lance Liu, Esq.
Bar No. 3002946
15 Minuteman Circle
Southbury, CT 06488
Lanceliu2000@Gmail.com
Phone: (203)706-9536

*Attorney for Plaintiff*

Verified by:

Lai Xiaosheng

Shenzhen Shi Lishengxin Dianzi Shangwu Youxian Gongsi d/b/a Laixiaoshengus